**Dated: June 14, 2007**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

KAY DON GOSS  Case No. 05-70378
a/k/a KAY D. GOSS  Chapter 7
a/k/a K.D. GOSS

        Debtor,

GERALD R. MILLER, Trustee on
behalf of the Bankruptcy Estate of
Kay Don Goss, Debtor

        Plaintiff,

vs.  Adv. No. 06-8164

D. NEAL MARTIN,
CHARLES M. LASTER,
LARRY McMAINS, and
JOHN GREGG GOSS, Trustee of the
Hurshel H. Goss Revocable Living Trust

**O R D E R**

On the 23rd day of April, 2007, the Trustee in Bankruptcy's Motion for Summary Judgment

as to Defendant D. Neal Martin and Brief in Support, Defendant D. Neal Martin's Objection to

Plaintiff's Motion for Summary Judgment Combined with Brief in Support Thereof, and Trustee in Bankruptcy's Reply Brief to Defendant D. Neal Martin's Objection to Plaintiff's Motion for Summary Judgment, came on for hearing. Appearances were entered by Clifton Naifeh, Attorney for Trustee, and D. Neal Martin, on his own behalf. After review, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Trustee seeks summary judgment regarding an alleged preferential transfer of $5,000.00 by the Debtor to Defendant D. Neal Martin ("Martin") two days prior to Debtor's bankruptcy filing.

As early as September, 2004, to present, Martin was and is an attorney for the Debtor. Martin represented the Debtor in 2004 in a personal property foreclosure in the District Court of Seminole County, Oklahoma.

On February 2, 2005, the Debtor, through Martin, deposited $5,500.00 of sale proceeds into Martin's trust account. The sale proceeds were from the sale of a No Til Drill described by Martin and Debtor in the foreclosure lawsuit as belonging to the Debtor. Also on February 2, 2005, the Debtor had Martin disburse $5,000.00 of the funds belonging to the Debtor to Martin for attorney fees. This check was written two days prior to the Debtor's bankruptcy filing. Also during this time, Debtor was defending a fraud jury trial that resulted in a judgment of $746,237.24 against the Debtor and his son.

Summary judgment is appropriate if the movant shows there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056. "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *EEOC v. Horizon/CMS*

*Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

The moving party bears the burden of showing that no genuine issue of material fact exists. *Id., citing Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). This Court must look at the record and draw reasonable inferences in the light most favorable to the nonmoving party. *Simms v. Okla. ex rel. Dept. of Mental Health,* 165 F.3d 1321, 1326 (10th Cir. 1999).

Debtor's bankruptcy petition was filed before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), therefore this Court will apply the Bankruptcy Code as it was in effect prior to the BAPCPA.

Section 547 provides, in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made -
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if -
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The purpose of the Trustee's avoidance power is to insure all creditors receive equal distribution from assets available. *Gill v. Winn (In re Perma Pac. Properties)*, 983 F.2d 964, 968 (10th Cir. 1992). A debtor is presumed to have been insolvent on and during the ninety days

Case 06-08164   Doc 98   Filed 06/14/07   Entered 06/14/07 13:52:19   Desc Main
Document      Page 3 of 9

immediately preceding the date of the bankruptcy filing. 11 U.S.C. § 547(f).

Trustee argues that the Debtor's own 2004 Examination testimony proves that the payment to Martin was for an antecedent debt for work done in the past. Trustee contends that the transfer was made when the Debtor was insolvent, and was more than Martin would have received in the bankruptcy had the transfer not been made. Trustee urges this Court to avoid the transfer and grant judgment against Martin.

Martin raises several issues in his Objection. Martin first argues that Debtor's 2004 exam testimony contained several inaccuracies, and that Plaintiff failed to use the Debtor's corrections to his exam testimony. The Court has only been provided a portion of the errata sheet so the relevancy of this evidence cannot be considered. Martin also argues that the debt at issue was not an antecedent debt, as it had never been invoiced and did not become due until the engagement was finished. Martin also contends that the payment was a contemporaneous exchange for new value for legal services. Martin finally argues that the payment was made in the ordinary course of business, according to ordinary business terms.

The Trustee alleges that Debtor's 2004 exam testimony proves that the $5,000 payment was on account of an antecedent debt for legal services provided in the past. Martin argues that corrections were provided, which appears to have changed several sworn statements given by the Debtor at his examination.

This Court does not approve of the use of materially altered testimony that is contradicted by the original testimony. *Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1242 n.5 (10th Cir. 2002); *see also Rios v. Bigler,* 847 F.Supp. 1538, 1546-47 (D. Kan. 1994) ("The court will only consider those changes which clarify the deposition, and not those which materially alter the deposition

4

testimony as a whole"); *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D. La. 1992) ("The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses").

However, even without the exam testimony, corrected or not, this Court is of the opinion that the debt was an antecedent debt. Martin argues that the debt at issue was not an antecedent debt, because he had not billed the Debtor. As detailed below, this Court disagrees with Martin's argument, and finds that the payment was for an antecedent debt.

"An antecedent debt owed by the debtor occurs when a right to payment arises - even if the claim is not fixed, liquidated, or matured." *In re First Jersey Sec., Inc.,* 180 F.3d 504, 511 (3d Cir. 1999); *see also In re Bennett Funding Group, Inc.,* 220 B.R. 739, 742 (2d Cir. BAP 1998) ("'an antecedent debt' is a pre-existing debt that was incurred when the debtor previously obtained a property interest in the consideration provided by the creditor that gave rise to the debt"). "The right to payment generally arises when the debtor obtains the goods or services." *First Jersey,* 180 F.3d at 511. "[L]egal claims arise when the legal services are performed, not when the bill itself is presented to the client." *Id.*

If this Court accepted Martin's argument, creditors would be allowed "to retain a prepetition payment simply by asserting that the payment was 'timely.'" *Id.* This "approach would lead to inequality among similarly situated creditors, and allow for both strategic behavior and collusion by creditors to secure preferential treatment prior to a debtor filing its petition." *Id.* The court in *First Jersey* also noted its concern that debtor's counsel was in a unique position to secure a preferential payment since it knew the debtor would be filing bankruptcy in the near future. *Id.* at

5

512.

In this case, the payment was made for legal services that had been provided as early as September, 2004. The fact that Martin had not yet invoiced the Debtor, and did not consider the amount past due, does not negate the antecedent nature of the debt. As a result, this Court finds that the payment was made on account of an antecedent debt owed by the debtor before payment.

The $5,000 payment was made to Martin, a creditor, on account of an antecedent debt owed by the Debtor before the transfer was made. The transfer was made within the ninety days before the date of the bankruptcy filing while the Debtor is presumed, and appears to have in fact been insolvent. Further, in examining the Claims Register in the Debtor's bankruptcy, it is clear that the transfer enabled Martin to receive more than he would have received had he been scheduled as an unsecured creditor in the Debtor's bankruptcy. Accordingly, all elements of a preference are present in this case. Now this Court will examine Martin's asserted defenses.

The Trustee may not avoid a transfer to the extent it was:

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1). Section 547(c)(1) "protects transfers that do not result in diminution of the estate because unsecured creditors are not harmed by the transfer if the estate was replenished by an infusion of assets that are of roughly equal value to those transferred." *Gonzales v. DPI Food Products Co., (In re Furrs Supermarkets, Inc.),* 296 B.R. 33, 39 (Bankr. D.N.M. 2003); *see also Manchester v. First Bank & Trust Co. (In re Moses),* 256 B.R. 641, 652 (10th Cir. BAP 2000).

Martin bears the burden of proof on § 547(c) issues pursuant to § 547(g). Therefore, once the Trustee has established a prima facie case under § 547(b), Martin bears the burden of showing

6

that there are no material issues of fact as to the elements of the § 547(c) defenses asserted by Martin. *Gonzales v. Food Marketing Group, (In re Furr's Supermarkets, Inc.)*, 320 B.R. 1, 5 (Bankr. D. N.M. 2004).

"New value" is defined by the Code as:

money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

11 U.S.C. § 547(a)(2).

The only evidence Martin offers in support of this defense are Martin's and Debtor's affidavits. Both affidavits state that Martin and Debtor intended the transfer to be a contemporaneous exchange for new value, namely, the legal services provided in December 2004, and January 2005, through the filing of the bankruptcy petition in February of 2005.

Martin's own statements show that the payment was for services already rendered to the Debtor. In fact, some of the legal services had been rendered months before the $5,000 payment. Further, this Court is at a loss as to how this transfer did not result in a diminution of the estate. The transfer was not a contemporaneous exchange for new value, nor was it a substantially contemporaneous exchange.

The Trustee also may not avoid a transfer to the extent that it was:

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
(C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2). "Subsection (B) of this section creates a subjective test, i.e., whether the

transfers were ordinary as between the parties, and subsection (C) creates an objective test, i.e., whether the transfers were ordinary in the industry. *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.),* 220 B.R. 1005, 1020 (10th Cir. BAP 1998). Courts, in determining whether payments are ordinary as between the parties in subsection (B), look at the following factors:

>   (1) length of time the parties were engaged in a transaction;
>   (2) whether the amount or form of tender differed from past practices;
>   (3) whether the debtor and creditor engaged in any unusual collection or payment activity; and
>   (4) the circumstances under which the payment was made.

*Id.* at 1020-21. "These factors are typically considered by comparing pre-preference period transfers with preference period transfers." *Id.* at 1021 (citations omitted). If there are no prior transactions, courts should look to see if "the debtor complied with the payment terms of its contract." *Id.*

The affidavits of Martin and Debtor both state that Debtor agreed in January, 2005 to pay Martin $5,000 for legal services performed in connection with the state court cases. Martin's affidavit states that he normally allows clients to pay for legal services at the conclusion of a particular project. Both affidavits state that the payment was made according to ordinary business terms.

Under the objective test of § 547(c)(2), this Court will examine whether the transfer was ordinary in the industry. *Sunset Sales,* 220 B.R. at 1020. The Court of Appeals for this circuit has held that "[o]rdinary business terms therefore are those used in 'normal financing relations': the kinds of terms that creditors and debtors use in ordinary circumstances, when debtors are healthy." *In re Meredith Hoffman Partners,* 12 F.3d 1549, 1553 (10th Cir. 1993) *cert. denied,* 512 U.S. 1206, 114 S.Ct. 2677, 129 L.Ed.2d 812 (1994).

Martin offers no evidence that the transfer at issue could be considered an ordinary transfer

8

in the industry.  As for the subjective test, Martin provides no proof of the January 2005 agreement, other than statements contained in the affidavits of Martin and Debtor.  Furthermore, the timing of the transfer to Martin is suspect, being merely two days before Debtor's bankruptcy filing.  This Court cannot find that the transfer was made in the ordinary course of business.  Accordingly, the $5,000 transfer was a preference that may be avoided by the Trustee.

IT IS THEREFORE ORDERED that the Trustee in Bankruptcy's Motion for Summary Judgment as to Defendant D. Neal Martin is **granted,** and that judgment be entered in favor of the Plaintiff in the amount of $5,000.00 plus interest.

###

9

Case 06-08164    Doc 98    Filed 06/14/07    Entered 06/14/07 13:52:19    Desc Main
Document      Page 9 of 9