**Dated: January 02, 2008**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**KAY DON GOSS**,
a/k/a KAY D. GOSS
a/k/a K. D. GOSS

Case No. 05-70378

Chapter 7

                    Debtor.

**GERALD R. MILLER,**
TRUSTEE ON BEHALF OF
THE BANKRUPTCY ESTATE OF
KAY DON GOSS, DEBTOR**,**

                    Plaintiff,

vs.                                                                          Adv. No. 06-8164

**D. NEAL MARTIN, CHARLES M. LASTER,
JOHN GREGG GOSS, TRUSTEE OF THE
HURSHEL H. GOSS REVOCABLE LIVING
TRUST, and LARRY MCMAINS**

                    Defendants.

**O R D E R**

On the 2nd day of November, 2007, there came on for telephonic hearing the following motions and responsive pleadings: Plaintiff's Motion to Tax Interest and to Amend Judgment to Include Costs, the Amended Response and Objection of Defendant Charles Laster, Plaintiff's Reply to Laster's Response, and Defendant Laster's Motion to Tax Interest and to Amend Judgment, Plaintiff's Objection, and Defendant Laster's Reply to Plaintiff's Objection. Appearances were entered by Clifton Naifeh, Attorney for Plaintiff Trustee Gerald Miller, Robert Inglish for Defendant Charles Laster, and Defendant Charles Laster.

On September 25, 2007, this Court entered a judgment in Plaintiff Trustee's favor against Defendant Laster in the amount of $13,806.25, plus interest, and avoiding a mortgage granted to Laster in the amount of $20,913.75, on the grounds that these were preferential transfers under 11 U.S.C. § 547(b). Plaintiff Trustee filed a timely motion to recover his costs, and to amend the judgment to include prejudgment interest on the $13,806.25 preferential payment from the date of demand on Defendant to disgorge those funds. Defendant Laster argues that prejudgment interest is only available from the time the adversary proceeding was filed.

An award of prejudgment interest is generally allowed when a trustee successfully avoids a preferential transfer pursuant to 11 U.S.C. § 547. *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.),* 4 F.3d 1556 (10th Cir. 1993). Generally, prejudgment interest may be awarded from the date demand was made for disgorgement of the preferential transfer, or from the commencement of the adversary proceeding. *In re Independent Clearing House* Co., 41 B.R. 985, 1015 (Bankr. D. Utah 1984), *aff'd and rev'd*

2

*on other grounds, en banc,* 77 B.R. 843 (D. Utah 1987). Defendant does not dispute Plaintiff Trustee's contention that he is entitled to prejudgment interest on the $13,806.25, but objects to Plaintiff Trustee's claim that interest should be awarded prior to the commencement of this adversary proceeding. The parties disagree as to the actual date demand to disgorge was made to Defendant Laster, and whether demand to disgorge the $13,806.25 was actually made upon Defendant. However, there is no dispute that this adversary proceeding was commenced five days later on September 28, 2006, and that Defendant was formally put on notice of the Plaintiff Trustee's request to avoid the transfer as of that date. Therefore, this Court finds that pre-judgment interest should be awarded from September 28, 2006, the date the adversary was commenced. Plaintiff Trustee seeks interest of at the rate of 4.11%, based on the rate in effect for the calendar week preceding the date of the judgment, pursuant to 28 U.S.C. § 1961. Defendant has not objected to this rate. The Court finds that this is the rate to be applied in calculating prejudgment interest.

Plaintiff Trustee also seeks an award of costs. Pursuant to Rule 7054, Fed. R. Bankr. P., this Court may award costs to the prevailing party. Defendant argues that Plaintiff Trustee is not truly the prevailing party because he was not successful on all claims. Defendant claims partial success because this Court did not find that the transfers were made with an intent to hinder, delay, or defraud creditors, and because the Plaintiff Trustee was not successful in avoiding the entire amount of the mortgage transfer as preferential.

In determining whether one is the prevailing party under Rule 7054, courts look at the case as a whole. *In re Dunston*, 146 B.R. 269 (D. Colo. 1992). A party does not need

3

Case 06-08164   Doc 174   Filed 01/02/08   Entered 01/02/08 14:28:12   Desc Main
Document     Page 3 of 5

to have prevailed on every issue to be found to be the prevailing party and thereby entitled to costs. *Id.* at 276 (citations omitted). Although Plaintiff Trustee did not prevail on his claims that these transfers were made with an intent to hinder, delay, or defraud creditors, he did prevail as to the relief he requested: avoidance of preferential transfers. The Plaintiff Trustee was also successful in avoiding two-thirds of the amount of the $30,000 mortgage, or $20,913.75. This is the amount that he sought to avoid throughout the entire preference action. Plaintiff Trustee always claimed that this was the amount of antecedent debt when the mortgage was granted to Defendant. The Plaintiff Trustee was the party to whom this Court granted judgment. Thus, Plaintiff Trustee was the true "prevailing party" in this proceeding.

The Court does not find the Oklahoma cases cited by Defendant regarding prevailing parties to be persuasive in this matter. In those cases, both parties successfully pursued affirmative claims for relief against each other, each was awarded damages on their claim against the other[1], or was entitled to recover attorney fees under specific Oklahoma statutes.[2] This is not the case with Defendant. He did not seek affirmative relief in the form of a money judgment against the Plaintiff Trustee in this proceeding, did not seek a separate judgment on his behalf other than a decision that the transfers were not preferences, nor was he awarded a judgment by this Court. His Motion to Tax Interest and to Amend Judgment appears to be an effort to litigate issues that were not presented to the Court during trial of this matter. Accordingly, Defendant is not entitled to a judgment in this

---

[1] *See*, *Tomahawk Resources, Inc. v. Craven*, 2005 OK 82, 130 P.3d 222; *Midwest Livestock Systems, Inc. v. Lashley*, 1998 OK 68, 967 P.2d 1197.

[2] *See*, *Welling v. American Roofing & Sheet Metal Co., Inc.*, 1980 OK 131, 617 P.2d 206.

4

proceeding for the remaining amount of the mortgage, $9,086.25, is not entitled to interest on that amount, is not a "prevailing party" against the Plaintiff Trustee in this adversary proceeding, and is not entitled to costs.

Having determined that the Plaintiff Trustee was the prevailing party in this proceeding, it is within this Court's discretion to decide whether costs should be awarded. The Court has considered the relief requested and the results obtained, and finds that the Plaintiff Trustee has benefitted the estate through this proceeding. Therefore, this Court finds that costs should be awarded to the Plaintiff Trustee. The Plaintiff Trustee is directed to file his Bill of Costs with the Court Clerk within **ten (10)** days.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Tax Interest is **granted** and Plaintiff Trustee is awarded prejudgment interest on his preferential transfer claim of $13,806.25 against Defendant Charles M. Laster, accruing from the date of September 28, 2006. Interest shall accrue at the rate of 4.11%, the rate in effect prior to the entry of judgment, pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Judgment to Include Costs is **granted.**

IT IS FURTHER ORDERED that Defendant Laster's Motion to Tax Interest and to Amend Judgment is hereby **denied.**

# # #

5