**Dated: January 09, 2008**

**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**KAY DON GOSS**,
a/k/a KAY D. GOSS
a/k/a K. D. GOSS                                Case No. 05-70378

                                                        Chapter 7

                Debtor.

**GERALD R. MILLER,**
TRUSTEE ON BEHALF OF
THE BANKRUPTCY ESTATE OF
KAY DON GOSS, DEBTOR**,**

                Plaintiff,

vs.                                             Adv. No. 06-8164

**D. NEAL MARTIN, CHARLES M. LASTER,
JOHN GREGG GOSS, TRUSTEE OF THE
HURSHEL H. GOSS REVOCABLE LIVING
TRUST, and LARRY MCMAINS**

                Defendants.

**O R D E R**

There comes on for this Court's consideration Defendant Laster's Motion to Amend Findings or, in the Alternative, Motion to Reconsider this Court's Order and Judgment entered herein on September 25, 2007, (Docket Entries #133 and #134), Plaintiff Trustee's Objection and Response to Defendant's Motion (Docket Entry #160), and Defendant's Reply (Docket Entry #163). The Court has reviewed the parties' pleadings and determined that oral argument will not materially assist the Court, therefore it does hereby enter its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

On September 25, 2007, this Court entered an Order and Judgment in Plaintiff's favor against Defendant Laster in the amount of $13,806.25, plus interest, and avoiding a mortgage granted to Laster by the Debtor. The Court ruled that these were preferential transfers under 11 U.S.C. § 547(b). Both parties filed motions to amend this judgment. The Court granted Plaintiff's Motion to Amend to include prejudgment interest and costs and entered that Order on January 2, 2008, (Docket Entry #174). Defendant Laster has styled his Motion as a Motion to Amend or, in the Alternative, a Motion to Reconsider. Since the Federal Rules of Civil Procedure do not recognize a motion to reconsider, the Court will treat Defendant Laster's motion strictly as one to amend the findings entered by this Court in its Order of September 25, 2007. *See, Lopez v. Long (In re Long)*, 255 B.R. 241, 244 (10th Cir. B.A.P. 2000) (citing *Van Skiver v. United States.*, 952 F. 2d 1241, 1243 (10th Cir. 1991).

The arguments raised by Defendant in this Motion are the same ones previously presented to this Court in Defendant's summary judgment pleadings and at trial. Defendant's Motion contains no new evidence nor legal authorities that might justify an

2

amendment to the Court's findings. The Court has given due consideration to Defendant's arguments and declines to amend its previous Order as requested in Defendant's Motion to Amend Findings.

This Court has previously considered the application of *In re Spada*, 903 F.2d 971 (3rd Cir. 1990), and restates its finding that the amount of the preferential transfer from Debtor to Defendant Laster was equal to the amount due to Laster for legal services performed on behalf of the Debtor as of the date of the mortgage transaction, $20,913.75. As the Court previously determined, this was the amount owed to Defendant for attorney fees and costs according to the Defendant's billing statements. Therefore, the granting of the mortgage to Defendant did not represent a contemporaneous exchange for new value. Defendant has offered no new evidence nor authority to dispute this determination.

The Court has also given careful consideration to Defendant's argument that he should not be charged with the entire amount of the $13,806.25 preference as this Debtor claims he owned only fifty percent of the assets from which this transfer was made to Defendant. The Court again notes that Debtor exercised control over these assets, therefore, the entire amount of this preferential transfer was an interest of the Debtor in property. Therefore, the entire amount is attributed to this Debtor as a preferential transfer and may be avoided by Plaintiff. The Court declines to amend its findings regarding this issue.

This Court has previously determined in its Order entered on January 2, 2008, that Plaintiff Trustee was the prevailing party in this adversary proceeding because he prevailed on his claim to avoid preferential transfers to Defendant Laster. That Order addressed Defendant's argument made in response to Plaintiff's Motion to Amend that Plaintiff was

3

not the true prevailing party and that Defendant was also a prevailing party. The Court incorporates that decision herein and reiterates that a party need not prevail on every issue to be the true prevailing party. *See, In re Dunston*, 146 B.R. 269, 276 (D. Colo. 1992). Since the Plaintiff was successful and prevailed in avoiding the preferential transfers he was the true prevailing party in this proceeding. Defendant did not seek affirmative relief in this action, nor did he request that a judgment be entered in his favor during the trial of this matter. Accordingly, this Court will not enter a judgment in his favor as to the fraud claims of the Plaintiff, nor will it grant Defendant status as a prevailing party in this case, nor award him costs.

IT IS THEREFORE ORDERED that Defendant Laster's Motion to Amend Findings or, in the alternative, Motion to Reconsider is **denied**.

IT IS FURTHER ORDERED that the hearing scheduled on this matter for January 16, 2008, is **stricken**.

###

4