**Dated: March 26, 2008**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**KAY DON GOSS,**                          Case No. 05-70378
a/k/a **KAY D. GOSS,**                    Chapter 7
a/k/a **K.D. GOSS**

               Debtor,

**GERALD R. MILLER, Trustee**
**on behalf of the Bankruptcy Estate**
**of Kay Don Goss, Debtor**

               Plaintiff,

vs.                                                    Adv. No. 06-8164

**D. NEAL MARTIN, CHARLES M.**
**LASTER**, **LARRY McMAINS and**
**JOHN GREGG GOSS, Trustee of the**
**Hurshel H. Goss Revocable Living Trust**

               Defendants.

**O R D E R**

On the 20th day of February, 2008, the Motion for Stay of Order Pending Appeal, filed by

Defendant Charles M. Laster ("Laster"), and Corrected Trustee's Objection and Response to Defendant Charles M. Laster's Motion for Stay of Order Pending Appeal and Brief in Support, filed by the Trustee, came on for hearing. Appearances were entered by Robert Inglish, Attorney for Laster, and Clifton Naifeh, Attorney for Trustee. After review, this Court does hereby enter the following decision in conformity with Fed. R. Bankr. P. 7052, in this core proceeding.

On September 25, 2007, this Court entered an Order and Judgment in the Trustee's favor against Laster in the amount of $13,806.25, plus interest, and avoiding part of a mortgage granted to Laster by the Debtor. The Court ruled that these were preferential transfers under 11 U.S.C. § 547(b). Laster filed a Motion to Amend Findings or, in the alternative, Motion to Reconsider, which this Court denied on January 9, 2008. Laster then filed a Notice of Appeal of the January 9, 2008, Order.

Laster now seeks a stay of the adversary pending the appeal. Laster argues that a stay would not substantially harm the other party; that he will likely have success on the merits of his appeal; and that if the stay is not granted, his appeal will become moot. This will have the effect of leaving him without a remedy and causing him to suffer irreparable injury.

Trustee argues that Laster is not entitled to a stay pending the appeal. Trustee argues that Laster has not offered to post a bond in a sufficient amount, and therefore is not entitled to a stay as a matter of right. As for a discretionary stay, the Trustee argues that Laster has not shown a liklihood of success on the merits; he will not suffer irreparable injury if the stay is not granted; and that other parties may suffer harm if a stay is granted without the posting of a sufficient supersedeas bond. Finally, the Trustee argues that Laster failed to establish that a stay would cause no harm to the public.

Motions for stay pending appeals are governed by Rule 62(a), (c) and (d) of the Federal Rules of Civil Procedure, applicable here under Bankruptcy Rules 7062 and 9014, and Bankruptcy Rule 8005. There are two types of stays pending appeal, "one issues as a matter of right and the other is discretionary." *Jarboe v. Yukon Nat'l Bank (In re Porter),* 54 B.R. 81, 82 (Bankr. N.D. Okla. 1985). "The matter of right stay, usually confined to money judgments, requires the posting of a supersedeas bond pursuant to Rule 62(d) of the Federal Rules of Civil Procedure." *Id.* In determining whether to grant a discretionary stay, four factors should be considered:

> (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest.

*Id.* See also *Lang v. Lang (In re Lang),* 414 F.3d 1191, 1201 (10th Cir. 2005).

Laster has failed to show a likelihood of success on the merits of the appeal. "Without a substantial indication of probable success on appeal a court should not issue a stay as there is no justification for a court's intrusion into the normal processes of administration and judicial review." *Porter,* 54 B.R. at 82. As noted by the Trustee in his Objection, Laster appears to be rehashing arguments that this Court has previously considered. Laster has failed to present any new arguments or authority to support his request for a stay.

While this Court acknowledges the possibility of Laster's appeal becoming moot if the stay is not granted, "the fact that an appeal may be rendered moot without a stay does not itself constitute irreparable harm." *Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming, Co. (In re Sunflower Racing, Inc.),* 223 B.R. 222, 225 (D. Kan. 1998). If the security interest is ruled unavoidable, Laster would be secured by the proceeds from the sale of the underlying property. The Trustee is holding the proceeds from the sale and they will not be distributed until after the appeal. Further, if Laster

prevails in his appeal of the $13,806.25 judgment, monetary damages would be a sufficient legal remedy.

Laster has failed to establish that other parties would not suffer substantial harm if a stay is granted. If the Judgment is affirmed, Laster's financial condition may be such that the Trustee is unable to enforce its Judgment. The fact that the Trustee could offset $9,086.25 of funds he holds against the unpaid Judgment is not sufficient protection of the interests of the unsecured creditors.

Laster failed to address the issue of whether a stay would harm the public interest. The Trustee argues that without an adequate bond, Laster's financial condition could deteriorate, preventing the Trustee from recovering the full value of the preference, which would harm the public interest. "The public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward." *Porter,* 54 B.R. at 82. This Court finds that Laster has failed to establish that granting a discretionary stay would cause no harm to the public interest.

In light of the above findings, this Court finds that a discretionary stay should not be granted. This Court will grant the Motion for Stay only upon the posting of a supersedeas bond in the amount of 100% of the Judgment, plus costs and prejudgment interest.

IT IS THEREFORE ORDERED that a stay pending appeal is granted in the above proceedings on the condition that in no more than fifteen (15) days from the entry of this Order, Laster shall post a bond in the amount of 100% of the Judgment, plus costs and prejudgment interest, with the Clerk of this Court.

###

Case 06-08164   Doc 216   Filed 03/26/08   Entered 03/26/08 10:10:31   Desc Main
Document      Page 4 of 4